**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------X          Chapter 13
IN RE:


Angela Cove                                                                    Case No.:17-43007



              **Debtor(s)**                                        <u>**CHAPTER 13 PLAN**</u>
--------------------------------------------------------X

1.   The future earnings of the debtor(s) are submitted to the supervision and control of the trustee, and the debtor(s)
     shall pay to the trustee for a total of <u>**60**</u> months, payments as follows:

                    $ <u>**1,956.00**</u> commencing <u>**July 01, 2017**</u> through and including <u>**June 01, 2022**</u> for a period of <u>**60**</u> months;

2.   From the payments so received, the trustee shall make disbursements as follows:
     (a)     Full payment in deferred cash payments of all claims entitled to priority under 11 U.S.C. §507.
     (b)     Holders of allowed secured claims shall retain the liens securing such claims and shall be paid as
             follows:

         **Secured Creditor & Property Description**     **Arrears**
         Caliber Home Loan                               202,168.38 (Disputed)
         For Property located at 118-82
         Metropolitan Avenue Unit
         #1-F Kew Gardens, NY 11415

     (c)    Subsequent and/ or concurrently with distribution to secured, priority, and administrative
            creditors, dividends to **unsecured creditors** whose claims are duly allowed as follows: **PRO
            RATA distribution to all timely filed proofs of claim of not less than 100%.**

3.   The Debtor shall make all post-petition payments, including but not limited to mortgage payments,
     vehicle, payments, real estate taxes and income taxes, outside the plan.

                                  <u>**Loss Mitigation/Loan Modification**</u>

4.   The mortgage due to <u>**Caliber Home Loans**</u> on the property known as <u>**11882 Metropolitan Ave, New Gardens
     NY 11415**</u> under account number <u>**4598**</u> is in default.  Said default including all arrears, legal fees and other
     expenses due to the mortgagee shall be capitalized pursuant to a loan modification under the Court's Loss
     Mitigation Program, as provided in General Order 582 in the United States Bankruptcy Court for the Eastern
     District of New York.  The debtor(s) post-petition mortgage payments under the Loss Mitigation calculation with
     the full balance due on the mortgage including, all past due payments, late charges, legal fees, escrow deficiency,
     etc. and totals $<u>**479,699.67**</u> to be paid at <u>**2%**</u> interest amortized over forty (40) years will amount to a payment of
     $<u>**1,453.00**</u> and escrow $<u>**(2.33)**</u>.  The estimated monthly payment of <u>**$1,455.33**</u> shall be paid directly to the Chapter
     13 Trustee, while Loss Mitigation application is pending, and until such time as the Debtor(s) has entered into a
     trial loan modification under the Loss Mitigation Program.  Contemporaneous with the approval and
     commencement of a trial loan modification, the Debtor(s) will amend the Chapter 13 Plan and Schedule J of the
     Debtor(s) petition to reflect the terms of the trial agreement, including the direct payment, going forward, of the
     mortgage to the mortgage lienholder.

## JUNIOR MORTGAGE LIENS TO BE AVOIDED

5.   Pursuant to 11 U.S.C. §502, 506(a), 506(d), 1322(b)(2), 1325 (a) and 1328(f) the debtor intends to avoid a mortgage lien on the debtor's primary residence located at **118-82 Metropolitan Ave, Kew Gardens NY 11415** held by FCI Lender Services, Inc [Loan No. (Last four digits **9718**).  The debtor(s) are eligible to receive a discharge in this case.  The junior mortgage held by **FCI Lender Services, Inc** is not secured by the Property because the amount of the senior mortgage(s) exceed the value of the Property, and the secured claim on the Property held by **FCI Lender Services, Inc** shall be treated as a general unsecured creditor and paid in accordance with the terms of paragraph (c) above.

Upon entry of the Chapter 13 discharge, debtor(s) or debtor's counsel shall be entitled to present the Rule 3012 Order, in recordable form, to the County Clerk's office in order to cancel and discharge the aforementioned mortgage lien.

6.   All lease agreements are hereby assumed, unless specifically rejected as follows: _____ _____
_____ .

7.   During the pendency of this case, if unsecured creditors are paid, pursuant to paragraph 2(c),  less than one hundred percent (100%), the debtor(s) shall provide the Trustee with signed copies of filed federal and state tax returns for each year no later than April 15th of the year following the tax period.  Indicated tax refunds are to be paid to the Trustee upon receipt; however, no later than June 15th of the year in which the tax returns are filed.

8.   Title to the debtor(s) property shall revest to the debtor(s) upon completion of the plan or dismissal of the case, underlined otherwise provided in the Order confirming the plan.  Throughout the term of this plan, the debtor(s) will not incur post-petition debt over $2,000.00 without written consent of the Chapter 13 Trustee or the Court.


/s/ Angela Cove
Debtor                                                   Joint Debtor


/s/ Rashmi Attri
Attorney for Debtor


Dated:  07/18/2017