Edward J. Waters, Esq.
*Attorneys for the Debtor*
3124 Avalon Drive West
New Cannan, CT 06849
Tel. 914-686-4300
ejwaters@gmail.com

**Presentment Date: November 20, 2018**
**Time: 9:30 AM**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
**IN RE:**

**ANGELA COVE**

Debtor(s)
-------------------------------------------------------x

**Chapter 13**
**Case No. 17-43007-ESS**

## NOTICE OF PRESENTMENT AND OPPORTUNITY FOR HEARING

**PLEASE TAKE NOTICE**, that an Order, a true copy of which is annexed hereto, will

be presented for signature to the Hon. Elizabeth S. Stong, United States Bankruptcy Judge, on

the 20th Day of November 2018 at 9:30 A.M. at the United States Bankruptcy Court, 271-C

Cadman Plaza East, Courtroom 3585 Brooklyn, NY 11201.

**PLEASE TAKE FURTHER NOTICE**, that unless written objections to the proposed

Order with proof of service are filed with the Clerk of the Court, and courtesy copies delivered to

the Bankruptcy Judge's Chambers, at least three (3) days before the date of presentment, there

will not be a hearing and the Order may be signed on default.

**PLEASE TAKE FURTHER NOTICE** that if a written objection is timely filed, the

Court will notify the moving and objecting parties of the date and time of the hearing. The

moving and objecting parties are required to attend said hearing and failure to attend in person or

by counsel may result in relief being granted or denied on default.

Dated: October 22, 2018
      Queens, NY

                                        /s/ Edward J. Waters, Esq.

                                        _____

                                        Edward J. Waters, Esq.
                                        *Attorneys for the Debtor*
                                        3124 Avalon Drive West
                                        New Cannan, CT 06849
                                        Tel. 914-686-4300
                                        ejwaters@gmail.com

TO:

      Office of the United States Trustee
      US Federal Office Building
      201 Varick Street, Suite 1006
      New York, NY 10014

      Marianne DeRosa
      Standing Chapter 13 Trustee
      125 Jericho Tpke
      Suite 105
      Jericho, NY 11753

      Cohn & Roth, LLC
      *Attorneys for Caliber Home Loan*
      100 East Old Country Road
      Mineola, New York 11501

      Amex
      Po Box 297871
      Fort Lauderdale, FL 33329

      Bank of America
      Nc4-105-03-14
      Po Box 26012
      Greensboro, NC 27410

      Citibank
      Citicorp Cr Srvs/Centralized Bankruptcy
      Po Box 790040
      S Louis, MO 63129

Dept Of Ed/Navient
Attn: Claims Dept
P.O. Box 9635
Wilkes Barr, PA 18773

Discover Financial
Po Box 3025
New Albany, OH 43054

FCI Lender Services INC
P.O Box 27370
Anaheim, CA 92809

HSBC Bank
P.O. Box 2013
Buffalo, NY 14240

Lending Club Corp
71 Stevenson St
Suite 300
San Francisco, CA 94105

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
**IN RE:**                                                                    **Chapter 13**
                                                                    **Case No. 17-43007-ESS**

**ANGELA COVE**

                                          Debtor(s)
-----------------------------------------------------------X

## AFFIRMATION IN SUPPORT OF DEBTORS' APPLICATION FOR AN ORDER APPROVING LOAN MODIFICATION WITH CALIBER HOME LOAN

The Debtor, Angela Cove, by her attorney Edward J. Waters, Esq. makes this motion

pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure to approve a mortgage

modification.

1.  This case was filed on June 8, 2017 for relief under chapter 13 of Title 11 of the

    United States Bankruptcy Code.

2.  Caliber Home Loan is a secured creditor in the instant bankruptcy proceeding.

    Caliber Home Loan holds a perfected security interest (mortgage) on Debtor's real

    property, located at 9517 116th Street, South Richmond Hill, NY 11419.

3.  Debtor and Caliber Home Loan have worked together to reach an agreeable loan

    modification plan.

4.  Ms. Angela Cove received a loan modification offer on May 10, 2018. Per the offer,

    she had to start making the modified payment beginning June 2018.

5.  However, Angela Cove could only accept the offer in September 2018 because the

    loan modification documents were generated in the name of Angela Cove's ex-

    husband, William Cove's name. As per Caliber Home Loan's requirement, to accept

the offer, Angela Cove had to record the deed in her name based on a divorce decree.

The whole recording process took 4-5 months. During this period Angela Cove could

not make the payment under the modification agreement. However, she was making

her monthly payment to the Chapter 13 Trustee under the Chapter 13 Plan.

6.  On September 18, 2018, the Debtor and Caliber Home Loan could enter into the final

    modification agreement. A copy of the final modification agreement is attached

    hereto as **Exhibit A.**

7.  The terms of the agreement are as follows:

    - Modified Unpaid Principal Balance: $463,991.10
    - Modified Interest Rate is Step Interest Rate as follows
        - 1-5 years - 2.50%
        - 6th Year - 3.50%
        - 7th Year - 4.50%
        - 8th Year - 5.50%
        - 9th Year - Maturity - 6.125%
    - Modified Monthly Principal and Interest Payment: $1,530.14
    - Monthly Escrow Payment (Taxes and Insurance): $605.60
    - Total Modified Monthly Payment: $2,135.74
    - First Modification Payment Date: 6/1/2018
    - Maturity Date: 5/1/2058 The approval of this final modification agreement
      will have no adverse impact on Debtor's creditors.

8.  As mentioned above, while completing the formalities to accept the loan modification

    agreement, the Debtor could not make the modified mortgage payment beginning

    June 2018 through October 2018. Therefore, there is a balance of $10,678.70

    ($2,135.74 x 6 months) to finalize this modification agreement.

9.  The Court is kindly requested to direct the Trustee to release the funds in the amount

    of $12,814.44 ($2,135.74 x 6 months) to cover the mortgage payment beginning June

    2018 through November 2018 under the modification agreement.

**WHEREFORE,** the Debtor respectfully requests that the Court grant the motion to approve the loan modification with Caliber Home Loan, allow the Trustee to release the funds to cover the mortgage payment beginning June 2018 through November 2018 and for such other and further relief as this Court may deem just and proper.

Dated: October 22, 2018
       Queens, NY

/s/ Edward J. Waters, Esq.

Edward J. Waters, Esq.
*Attorneys for the Debtor*
3124 Avalon Drive West
New Cannan, CT 06849
Tel. 914-686-4300
ejwaters@gmail.com





PO Box 24610
Oklahoma City, OK  73124-0610

5/8/2018

WILLIAM J COVE SR
C/O RASHMI ATTRI
89-36 SUTPHIN BLVD STE 301-304
JAMAICA, NY 11435-0000

9804254598
118-82 METROPOLITAN AVE
KEW GARDENS, NY 11415

Dear WILLIAM J COVE SR  :

**GREAT NEWS** from Caliber Home Loans! Caliber has reviewed your account and determined that you qualify for a loan modification.  If you decide to accept the enclosed loan modification offer, you can expect the following exciting changes to your loan:*

Current Monthly Mortgage Payment: $2,240.19
Proposed Monthly Payment:  $2,135.74*

**You already qualify for this offer, so accepting is easy!**  Carefully read and follow these two simple steps:

1.  Review the enclosed Loan Modification Agreement and if you agree to the terms and conditions, then:
    a.  Have all original borrowers sign and date the agreement in front of a witness.
    b.  Have the witness also sign where noted (this is very important; we may delay the final processing of the modification if this is missing).
    c.  Borrower(s) must be in the presence of a notary the same day the documents are signed and dated (if required).
2.  Using the enclosed prepaid envelope, return to us:

    Original signed Loan Modification Agreement (make a copy for your records).

Note that all proposed payments include taxes and insurance, regardless of your prior payment arrangement.  This is a limited time offer, so you must return the signed Loan Modification Agreement to Caliber at: **Caliber Home Loans, Inc. Attn: Loss Mitigation Modification, 13801 Wireless Way, Oklahoma City, OK 73134** by no later than 5/31/2018.

Caliber remains committed to working with our borrowers, so please contact us with any questions or to discuss other potential alternatives. Our modification specialists are available to help you with any questions, Monday through Friday, 8:00 AM – 7:00 PM Central Time at 1-800-401-6589.

SPOC Department
Caliber Home Loans, Inc.

* New monthly payment will be accomplished through a capitalization of outstanding balances and/or an extension of the maturity date as set forth in the Modification Agreement.  Borrower(s) is informed that forgiveness of principal may have adverse credit and legal consequences and may result in taxable income to Borrower(s).

THIS IS AN ATTEMPT BY A DEBT COLLECTOR TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.  **Notice to Consumers presently in Bankruptcy or who have a Bankruptcy Discharge:** If you are a debtor presently subject to a proceeding in Bankruptcy Court, or if you have previously been discharged from this debt by a Federal Bankruptcy Court, this communication is not an attempt to collect a debt but is sent for informational purposes only or to satisfy certain Federal or State legal obligations.

P_W_LT
REV(04/16)

This document was prepared by: Caliber Home Loans Inc.

**[Space Reserved for Recording Information]**

LOAN MODIFICATION AGREEMENT – 5 YEAR WITH STEP

**To the Borrower: This Agreement contains changes in terms which affect your Loan secured by the Property identified below. This is a legal obligation and you should read and understand the terms of this Agreement before you sign it.**

**This Agreement (the "Agreement") is dated as of 5/8/2018 but effective as of the Modification Effective Date defined herein, by and between WILLIAM J COVE SR     (collectively, the "Borrower" or "you") and Caliber Home Loans, Inc. (the "Servicer"), on behalf of the current owner of your loan (the "Lender").**

**RECITALS:**

A.    Borrower has a mortgage loan, account number 9804254598 (the "Loan"). This loan is secured by property commonly referred to as 118-82 METROPOLITAN AVE KEW GARDENS, NY 11415 (the "Property"). The legal description to the Property may be attached to this Agreement if required.

B.    Borrower signed the following documents in connection with the Loan:

- Note dated 1/16/2003 in the original amount of $312,000.00 (the "Note").

- Mortgage, Security Deed, or Deed of Trust on the Property, recorded in real property records of QUEENS County, NY (the "Security Instrument"), with an original stated maturity date of 2/1/2033.

- The Note and the Security Instrument, together with all documents executed in relation to the Note and the Security Instrument, and in addition to any loan modification previously entered into by Borrower, are called the "Loan Documents".

C.    Borrower and Servicer want to modify the terms of the Note and Security Instrument.

In consideration of the foregoing Recitals and the terms, conditions, representations and warranties, and mutual covenants and agreements herein, and for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Borrower and Servicer (collectively, the "Parties"), mutually agree as follows:

1.    **Conditions to Effectiveness of Agreement.**

a.    This Agreement will only be effective after Borrower signs and returns a signed original of this Agreement to Servicer on or before 5/31/2018.

b.    Lender will not be obligated or bound to make any modification of the Loan Documents if the Borrower fails to meet any of the requirements under this Agreement.

2.    **Modification of the Loan Documents**

If the conditions of this Agreement are satisfied, then the Loan is modified as follows:

a.    Modification Period:  The payments on your loan will be modified from the effective date of the modification, which will be 5/1/2018 (the "Modification Effective Date"). You will pay the initial modified amount from the Modification Effective date until 5/1/2023 ("Initial Modification Period"). At the end of the Initial Modification Period, and beginning at Year 6, your interest rate and corresponding monthly principal and interest payment will increase in accordance with the table below until 5/1/2026, when your interest rate will remain fixed for the balance of the term of your Loan.

b.    Term Extension:  The term of the Note has been extended and the new maturity date of the Loan will be 5/1/2058.

c.    Modified Principal Balance:  On the Modification Effective Date, the unpaid principal balance payable under the Note is $463,991.10 (the "Modified Unpaid Principal Balance"). This amount consists of $277,531.29 remaining due under the original terms of the Note, plus some or all other unpaid amounts that are capitalized into the modified Loan (the "Capitalized Amounts").

Borrower understands that by agreeing to add the Capitalized Amounts, including unpaid interest, to the outstanding balance, those amounts accrue interest based on the terms of this Agreement.   Borrower further understands that the Capitalized Amounts would not accrue interest without this Agreement.

d.    Modified Monthly Payment Amount:  You promise to make modified monthly payments in an amount set forth in the table below beginning on the First Modification Payment Date and ending on the Maturity Date. The total modified monthly payment amount may include modified monthly principal and interest payments, any monthly escrow payments (to the extent Servicer will pay escrowed amounts), and monthly payments for Ancillary Amounts, as identified below.

e.    Modified Interest Rate:  Interest will be charged on the Modified Unpaid Principal Balance at a rate of 2.50% (the "Modified Interest Rate") beginning on the Modification Effective Date. You will make modified monthly principal and interest payments based on this Modified Interest Rate as applied to the Modified Unpaid Principal Balance beginning on the First Modification Payment Date and ending at the end of the Initial Modification Period.

f.    Interest Calculation: If your loan documents call for interest to be calculated using daily simple interest, or DSI, this Agreement permanently modifies your Loan so that interest is calculated on a monthly basis, also known as interest in arrears.

| Summary of the Initial Modification Period Payments: | |
| --- | --- |
| Modified Unpaid Principal Balance: | $463,991.10 |
| Modified Interest Rate: | 2.50% |
| | |
| Modified Monthly Principal and Interest Payment: | $1,530.14 |
| Monthly Escrow Payment (Taxes and Insurance)*: | $605.60 |
| | |
| **Total Modified Monthly Payment:** | **$2,135.74** |
| | |
| | |
| **First Modification Payment Date:** | **6/1/2018** |
| **Maturity Date:** | **5/1/2058** |

| Years | Interest Rate | Interest Rate Change Date | Monthly P+I Payment | Estimated Monthly Escrow Payment Amount* | Total Monthly Payment | Payment Start Date | Number of Payments |
|---|---|---|---|---|---|---|---|
| 1-5 | 2.50% | 5/1/2018 | $1,530.14 | $605.60<br><br>May adjust periodically | **$2,135.74**<br><br>May adjust periodically | **6/1/2018** | 60 |
| 6 | 3.50% | 5/1/2023 | $1,768.96 | May adjust periodically | May adjust periodically | 6/1/2023 | 12 |
| 7 | 4.50% | 5/1/2024 | $2,019.89 | May adjust periodically | May adjust periodically | 6/1/2024 | 12 |
| 8 | 5.50% | 5/1/2025 | $2,281.00 | May adjust periodically | May adjust periodically | 6/1/2025 | 12 |
| 9-Maturity | 6.125% | 5/1/2026 | $2,447.95 | May adjust periodically | May adjust periodically | 6/1/2026 | 384 |

\* Your Monthly Escrow Payment is an amount calculated in accordance with the Loan Documents, and Federal and State law. This amount may change from time to time if escrow items (taxes and insurance) increase or decrease.

3.  **Events of Default.** A default under the terms of this Agreement constitutes a default under the terms of the Loan Documents. All the rights and remedies, stipulations, and conditions contained in the Loan Documents relating to default in the making of payments under the Loan Documents shall also apply to default in the making of the modified payments hereunder.

4.  **Additional Covenants and Agreements.**

    The Parties further agree to and acknowledge each of the following:

    A. All persons who signed the Loan Documents must sign this Agreement in person or by an authorized representative, unless (i) a borrower or co-borrower is deceased; (ii) the borrower and co-borrower are divorced and the property has been transferred to one spouse in the divorce decree, the spouse who no longer has an interest in the property need not sign this Agreement (although the non-signing spouse may continue to be held liable for the obligation under the Loan Documents); or (iii) Servicer has waived this requirement in writing. Borrower, by signing this Agreement, will be presumed to have read this Agreement and understand the terms of this Agreement.

    B. This Agreement supersedes the terms of any modification, forbearance, trial period plan or other workout plan that Borrower may have or have had in the past with Servicer or any prior servicer.

    C. Except as specifically modified by this Agreement, the terms of the Loan Documents remain in full force and effect, and are duly valid, binding agreements, enforceable in accordance with

their terms.  This Agreement does not replace or release any terms in the Loan Documents, except as specifically modified by this Agreement.  Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents.

D.  Borrower may not assign, and no person may assume, Borrower's rights under this Agreement or the Loan Documents without the prior written consent of the Servicer.

E.  If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration.  The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument.  If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

F.  If Servicer makes advances for payment of taxes or insurance, accrues interest, or posts late or other fees or expenses to the Loan, each of which is permissible under the Loan Documents to add to amounts outstanding under the Note, between the date Servicer generates this Agreement and the date this Agreement is processed, then these amounts will either become Deferred Amounts under the Loan Documents, or will be offset with a portion of Good Faith funds, if applicable.  Any addition of Deferred Amounts or offset of advances pursuant to this section will be reflected on Borrower's periodic statement.

Deferred amounts do not accrue interest. The Deferred Amounts will be due at the earlier of payment in full of the Note, acceleration, or the Maturity Date. If you sell the Property or refinance the Loan, you will be required to pay this Deferred Amount in addition to any other amounts due at that time. Otherwise, these amounts are due on the Maturity Date and are required to be paid at or before that time. This means that if you make all the payments required by this Agreement, you will still owe the Deferred Amount to the Servicer. The Deferred Amount may result in a significantly higher monthly payment on the Maturity Date.

G.  Borrower will execute such other documents or papers as may be reasonably necessary or required to either (i) consummate the terms and conditions of this Agreement, or (ii) correct the terms and conditions of this Agreement if an error is detected after execution of this Agreement.  Borrower understands that either a corrected Agreement or a letter agreement containing the correction will be provided to Borrower for Borrower's signature. At the option of the Lender, if Borrower elects not to sign any such corrective documentation, the terms of the operative Loan Documents will continue in full force and effect, and such terms will not be modified by this Agreement.

H.  This Agreement constitutes notice that any waiver by Servicer as to payment of taxes, insurance and other escrow items has been revoked. Borrower agrees and understands that Borrower will be required to pay certain escrow amounts as required by Servicer in accordance with applicable Federal and state law.

I.  To the extent Servicer may deem it necessary, Borrower will cooperate with Servicer to the extent any filing or action is required in Borrower's Bankruptcy Case in order to (a) obtain approval of this agreement (b) modify Borrower's bankruptcy plan (if Borrower is in a Chapter 13 bankruptcy) or (c) amend the proof of claim filed by Servicer with respect to this debt. If you are presently subject to a proceeding in Bankruptcy Court, the terms of this Agreement may be subject to Court approval in your jurisdiction.  If Court approval is required in your jurisdiction,

and the Court denies this Agreement, your Loan will revert to the terms in effect immediately prior to this Agreement, and will remain in full force and effect.

**5.    No Waiver.**

Except as specifically provided herein, the Security Instrument shall remain unaltered and in full force and effect and is hereby ratified and confirmed by the Parties hereto. This Agreement shall not constitute a novation of the Security Instrument. The execution, delivery and effectiveness of this Agreement shall not, except as expressly provided herein, operate as a waiver of any right, power or remedy of any party under the Security Instrument.

**THIS COMMUNICATION IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**Notice to Consumers presently in Bankruptcy or who have a Bankruptcy Discharge: If you are a debtor presently subject to a proceeding in Bankruptcy Court, or if you have previously been discharged from this debt by a Federal Bankruptcy Court, this communication is not an attempt to collect a debt but is sent for informational purposes only or to satisfy certain Federal or State legal obligations.**

In Witness Whereof, Servicer and Borrower have executed this Modification Agreement as of the dates indicated below.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Agreement:

Preapproved – Cap 5 Year with Step

P_W_LT
REV(04/16)

_____

WILLIAM J COVE SR

_____

Address

Date: _____


_____

Address

Date: _____


_____

Address

Date: _____


_____

Account Number: 9804254598


_____

Caliber Home Loans, Inc.

By: _____

Date: _____


_____

Witness Signature

_____

Printed Witness Name


_____

Witness Signature

_____

Printed Witness Name


_____

Witness Signature

_____

Printed Witness Name

_____

P_W_LT
REV(04/16)

State of _____

County of _____


On the _____ day of _____ in the year _____ before me, the undersigned, a Notary Public in and for the said state, personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.


Notary Signature: _____


Printed Name: _____


**Borrower(s) and notary must sign all documents on the same day. Borrower(s) cannot sign any other documents prior or after the notary date. (Revised 8/27/14)**


**STAMP SEAL BELOW**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

IN RE:                                                          **Chapter 13**
                                                          **Case No. 17-43007**

ANGELA COVE

Debtor(s)
-------------------------------------------------------x

## <u>PROPOSED ORDER GRANTING DEBTOR'S</u>
## <u>APPLICATION FOR APPROVING LOAN MODIFICATION</u>

Upon the motion of the above Debtor, Angela Cove (the "Debtor"), by notice of

presentment dated October 22, 2018, seeking an Order to Approve Loan Modification between

Debtor and Creditor Caliber Home Loan; and, after due and sufficient notice, good cause having

been shown and no adverse interest being represented, it is hereby

**ORDERED,** that the Motion is granted, and Debtor may enter into the Loan Modification

with Caliber Home Loan attached as Exhibit A hereto; it is further

**ORDERED,** that the Chapter 13 Trustee will release the fund in the amount of $12,814.44

($2,135.74 x 6 months) to cover the mortgage payment beginning June 2018 through November

2018 under the modification agreement.


DATED: _____


                                                          _____
                                                          HONORABLE ELIZABETH S. STONG,
                                                          U.S. BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
IN RE:                                                    Chapter **13**
                                                          Case No. **17-43007-ESS**

**ANGELA COVE**
                                                          **AFFIRMATION OF SERVICE**
                              Debtor(s)

-----------------------------------------------------------X
State of New York              )
                               ) ss.:
County of Queens               )

The undersigned, an attorney duly licensed to the practice of law in the State of New York, under the penalty of perjury affirms:

On October 22, 2018, I served a Notice of Presentment to approve a loan modification agreement to the herein listed parties at the address(es) designate for that purpose, by mailing same in a properly sealed envelope with postage prepaid thereon, in an official depository of the United States Postal Service within the State of New York to the following:

TO:    Office of the United States Trustee
US Federal Office Building
201 Varick Street, Suite 1006
New York, NY 10014

Marianne DeRosa
Standing Chapter 13 Trustee
125 Jericho Tpke
Suite 105
Jericho, NY 11753

Cohn & Roth, LLC
*Attorneys for Caliber Home Loan*
100 East Old Country Road
Mineola, New York 11501

Amex
Po Box 297871
Fort Lauderdale, FL 33329

Bank of America
Nc4-105-03-14
Po Box 26012
Greensboro, NC 27410

Citibank
Citicorp Cr Srvs/Centralized Bankruptcy
Po Box 790040
S Louis, MO 63129

Dept Of Ed/Navient
Attn: Claims Dept
P.O. Box 9635
Wilkes Barr, PA 18773

Discover Financial
Po Box 3025
New Albany, OH 43054

FCI Lender Services INC
P.O Box 27370
Anaheim, CA 92809

HSBC Bank
P.O. Box 2013
Buffalo, NY 14240

Lending Club Corp
71 Stevenson St
Suite 300
San Francisco, CA 94105

Dated: Queens, NY
        October 22, 2018

                                        /s/ Edward J. Waters, Esq.

                                        _____
                                        Edward J. Waters, Esq.
                                        *Attorneys for the Debtor*
                                        3124 Avalon Drive West
                                        New Cannan, CT 06849
                                        Tel. 914-686-4300