Hearing Date: December 17, 2019
Time:              9:30am

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:

ANGELA COVE,                                        Case No. 17-43007-ESS
                                                    Chapter 13

                    Debtor.
-------------------------------------------------------X

**AFFIRMATION IN OPPOSITION TO DEBTOR'S MOTION FOR AN ORDER
PURSUANT TO 11 U.S.C. §506(a)(1) AND FED. R. BANK. PROC. 3012 FIXING THE
VALUE OF REAL PROPERTY AND DEEMING LIEN OF MORTGAGE SELECT AND
SERVICED BY FCI LENDER SERVICES INC. ON THE PROPERTY KNOWN AS 118-
82 METROPOLITIAN AVENUE APT. 1F, KEW GARDENS, NEW YORK
(BLOCK 3322, LOT 1005) AS UNSECURED AND VOID**

TO:    THE HONORABLE ELIZABETH S. STONG
       UNITED STATES BANKRUPTCY JUDGE

       Alan Smikun, Esq., the undersigned attorney duly admitted to practice before this Court,

affirms under penalty of perjury as follows:

       1.       I am an associate with The Margolin & Weinreb Law Group, LLP, the attorneys

for FCI Lenders Services, Inc., as Servicer for Partners for Payment Relief DE IV, LLC,

(hereinafter "Movant"), and as such I am fully familiar with the facts and circumstances of this

case.

       2.       I make this Affirmation in Opposition to the Debtor's Motion to Determine the

Value of the Property Second and to Void the Lien held by Partners for Payment Relief DE IV,

LLC filed by Angela Cove (the "Debtor") dated November 20, 2019.

1

BASIS FOR OBJECTION

3.     Partners for Payment Relief DE IV, LLC is a secured creditor by virtue of being the holder of a second mortgage dated January 16, 2003 securing a note in the original amount of $58,500.00 against the property located at 118-82 Metropolitan Avenue – Unit #1F, Kew Gardens, NY 11415 (the "Property"). A copy of the note and mortgage are attached as **Exhibit A**.

4.     All rights and remedies under the Mortgage have been assigned to Movant pursuant to those certain Assignments of Mortgage, copies of which is attached hereto as **Exhibit A**.

5.     Bankruptcy Code §1322(b)(2) allows modification of the rights of both secured and unsecured creditors, subject to special protection for creditors whose claims are secured only by a lien on the debtor's home. It provides that a chapter 13 plan may "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims."[1] This "antimodification exception" is triggered only where there is sufficient value in the underlying collateral to cover some portion of a creditor's claim.[2]

6.     In Chapter 13, only a wholly unsecured claim, as defined under §506(a), is not protected under the antimodification exception of §1322(b)(2).[3] The Debtor bears the burden to prove that the consensual lien is wholly unsecured.

---

[1] 11 U.S.C. §1322(b)(2).

[2] *In re Pond*, 252 F.3d 122 (2d. Cir. 2001).

[3] *Id.* at 126.

2

7.    In *Nobelman*, the Supreme Court began its analysis by noting that it is "correct to look to §506(a) for a judicial valuation of the collateral to determine the status of a creditor's secured claim."[4]  Indeed, there is no *pre se* rule of valuation.[5]

## VALUATION DISPUTE

8.    Of course, judicial valuation under Bankruptcy Code §506(a) is critical in this case.  Here, there is a valid dispute regarding the Property's value.  According to the Debtor's Appraisal,[6] the Property's value, as of October 5, 2019 is $440,000.00.

9.    Movant retained SingleSource Property Solution to conduct a Broker Price Opinion of the Property which estimated the market value of the Property as of December 5, 2019 to be $911,000.00.  A copy of the Broker Price Opinion is attached as **Exhibit B.**

10.    According to the Debtor's Motion, the first lien on the Property is held by U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust (the "First Mortgage"). The loan held by the first mortgage was successfully modified pursuant to the Loss Mitigation Program to $442,340.52.

11.    However, the Movant's valuation of $911,000.00 couple with the newly modified amount of the First Mortgage of $442,340.52, sufficient equity exists for the second mortgage to attach and therefore the anti-modification exception does apply.

12.    While it is understood that the basis for valuation is a Broker's Price Opinion, Movant respectfully request the ability to employ a licensed appraiser to conduct a second interior appraisal as of the bankruptcy filing date of June 8, 2017.

---

[4] *Nobelman v. American Savings Bank*, 508 U.S. 324 at 328.

[5] *Associates Commercial Corp. v. Rash*, 117 S. Ct. 1879 (1997).

[6] See Docket No. 58.

**WHEREFORE**, it is respectfully requested that this Court deny the Debtor's Motion because the Debtor has failed to satisfy his burden of establishing that the second mortgage is wholly unsecured, or in the in alternative, schedule an evidentiary hearing to determine the Property's value.

Dated: Syosset, New York
      December 10, 2019

                      **The Margolin & Weinreb Law Group, LLP**

                By:    */s/ Alan Smikun*
                      Alan Smikun, Esq.
                      Attorneys for Movant
                      165 Eileen Way, Suite 101
                      Syosset, New York 11791
                      (516) 921-3838 ext. 321

To:

Debtor
Angela Cove
118-82 Metropolitan Avenue – Unit #1-F
Kew Gardens, NY 11415

Attorneys for Debtor
Rashmi Attri
rashmi@pitchayanlaw.com

Norma E. Ortiz, Esq.
Ortiz & Ortiz LLP
32-72 Steinway Street – Suite 402
Astoria, NY 11103

Edward J. Waters, Esq.
E Waters & Associates, PC
89-36 Sutphin Blvd – Suite 301
Jamaica, NY 11435

Trustee
Marianne DeRosa
Office of the Chapter 13 Trustee
100 Jericho Quadrangle – Suite 127
Jericho, NY 11753

U.S. Trustee
Office of the United States Trustee
U.S. Federal Office Building
201 Varick Street – Room 1006
New York, NY 10014

Notice of Appearances:
Attorneys for U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust
Robertson, Anschutz & Schneid, P.L.
Bankruptcy Department
Attn: Miriam Joy Rosenblatt, Esq.
6409 Congress Avenue – Suite 100
Boca Raton, NY 33487

Attorneys for U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust
Fein Such & Crane, LLP
Attn: Mark K. Broyles, Esq.
28 East Main Street – Suite 1800
Rochester, NY 14614